

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00236-CR

**STEPHEN RUFFIN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FAM-05-17804**

## MEMORANDUM  OPINION

A jury convicted Stephen Ruffin of aggravated assault on a public servant in nine separate cause numbers.  Ruffin filed a notice of appeal for eight of the convictions, but due to a clerical error, a notice of appeal was not filed for one conviction.  The Court of Criminal Appeals granted Ruffin's writ of habeas corpus allowing him to file an out of time appeal.  Ruffin now appeals his conviction of aggravated assault on a public servant in trial court cause number FAM-05-17804.  We reverse and remand.

On original submission, this Court affirmed Ruffin's eight convictions for aggravated assault on a peace officer. *Ruffin v. State*, 234 S.W.3d 224 (Tex. App.—Waco 2007). The Court of Criminal Appeals reversed this Court's decision and remanded the case for further consideration. *Ruffin v. State*, 270 S.W.3d 586 (Tex. Crim. App. 2008). On September 23, 2009, this Court reversed Ruffin's eight convictions, and remanded the cause to the trial court.

In his sole issue on appeal, Ruffin contends that the disposition of this appeal is governed by the doctrine of the law of the case. On remand from the Court of Criminal Appeals, this Court held that the trial court abused its discretion in excluding Ruffin's proferred expert testimony under TEX. R. EVID. 403. We found that the error was harmful, and remanded the cause for further proceedings.

The legal principle or doctrine of the law of the case provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987). When the facts and legal issues in a case on appeal are virtually identical with those in a previous appeal in which the legal issues were resolved then logic and reason dictate that the appeals be viewed as the same case. *Id*. We agree that the law of the case governs this appeal. We sustain Ruffin's sole issue on appeal.

We reverse the judgment of conviction and remand the cause for further proceedings.

AL SCOGGINS
Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Reverse and remand
Opinion delivered and filed July 13, 2011
Do not publish
[CR 25]